Victor L. George, State Bar No. 110504
Meylin P. Alfaro, State Bar No. 315177
LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Blvd., First Floor
Torrance, California 90503
Telephone: (310) 698-0990
Facsimile:   (310) 698-0995
E-mail:      vgeorge@vgeorgelaw.com
             malfaro@vgeorgelaw.com

Attorneys for Plaintiffs,
ELENA MATYAS, individually and as Successor-in-Interest to ROXIE
MIRABELLE FORBES; and DOUGLAS FORBES, individually and as Successor-
in-Interest to ROXIE MIRABELLE FORBES

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA MATYAS, individually and as Successor-in-Interest to ROXIE MIRABELLE FORBES; and DOUGLAS FORBES, individually and as Successor-in-Interest to ROXIE MIRABELLE FORBES, | Case No. 2:21-cv-04163 JAK (JDEx) |
| | [Assigned to the Hon. John A. Kronstadt, Courtroom 10B] |
| Plaintiffs, | **JOINT RULE 26(F) SCHEDULING REPORT** |
| v. | |
| SUMMERKIDS, INC., a California Corporation, et al. | Complaint filed: November 5, 2019 Trial Date:      None Set. |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 26(f) and the Court's May 20, 2021 Order Setting Scheduling Conference (the "Scheduling Order"), Plaintiffs ELENA MATYAS and DOUGLAS FORBES ("Plaintiffs") and Defendants SUMMERKIDS, INC., MARIA DIMASSA, JOSEPH DIMASSA, CARA DIMASSA, GIANCARLO DIMASSA, M.D., ANGELUS MOUNTAIN

1

CENTER, THE ENOTECA, LLC, SEMPRE AVANTI, LLC, THE DIMASSA FAMILY FOUNDATION, JAIMI HARRISON, JOSEPH NATALIZIO, DANIEL H. RAINEY, FAITH PORTER, NATALIE DEL CASTILLO, ANDREW LARA CERVANTES, TREVOR BOREHAM dba LIFE SAVING CERTIFIED ("LSC"), JOSEPH DIMASSA AND MARIA DIMASSA AS TRUSTEES OF THE DIMASSA FAMILY TRUST, TRUST DATED APRIL 9, 1981, and AMERICAN NATIONAL RED CROSS (collectively, the "Parties") respectfully submit this Joint Scheduling Report.

I.   **STATEMENT OF THE CASE**

   A.   **Plaintiffs' Statement and Claims**

This action arises out of the tragic, preventable death of six-year-old Roxie Forbes. On or about June 28, 2019, while attending Summerkids Camp under the direct care and supervision of Defendants, Roxie drowned in a swimming pool at Angelus Mountain Center, the 57-acre home of Summerkids Camp located at 3697 N. Fair Oaks Ave., Altadena, CA 91001. Roxie's tragic death was caused by the negligence and fraudulent representations of the Defendants to Plaintiffs.

   B.   **Defendants Summerkids, Inc., Maria DiMassa, Joseph DiMassa, Cara DiMassa, Giancarlo DiMassa, M.D., Angelus Mountain Center, The Enoteca, LLC, Sempre Avanti, LLC, The DiMassa Family Foundation, Joseph Natalizio, Daniel H. Rainey, Faith Porter, Natalie Del Castillo, Joseph DiMassa and Maria DiMassa as Trustees of The DiMassa Family Trust, Trust Dated April 9, 1981's Statement of The Case**

Defendants each deny liability for the causes of action asserted against them by the Plaintiffs, including that they acted negligently in a manner that caused the death of Roxie Forbes or that they acted with malice, oppression, or fraud. Defendants also deny that any one of them are alter egos of another.

### C.    Defendant Jaimi Harrison's Statement of the Case

Defendant Harrison worked as an office administrator at Summerkids Camp. Harrison was not at the pool at the time that Roxie Forbes drowned, nor was she tasked at any time with the responsibility to oversee the pool or of how the pool ran.  On being notified by other Summerkids staff that Roxie Forbes had been retrieved from the pool unresponsive, Harrison rushed to the pool and assisted with CPR and resuscitation efforts.

### D.    Defendant Andrew Lara Cervantes' Statement of the Case

Defendant Cervantes was an independent contractor for Summerkids. He was not present at the time of the incident.

### E.    Defendant Trevor Boreham DBA Life Saving Certified's Statement of the Case

Defendant Trevor Boreham dba Life Saving Certified ("Boreham"), provided limited American Heart Association certified training to certain camp counselors for Summerkids Camp as an outside independent contractor.  Boreham is also firefighter with Riverside County Fire.  Boreham denies any liability as the certification he provided was done in accordance with all applicable standards, and there is no connection between his training and the death of Roxie Forbes.

### F.    Defendant Red Cross's Statement of the Case

This case concerns a terrible tragedy, but not one that the Red Cross had a legal duty to prevent. Plaintiffs' daughter, Roxie Mirabelle Forbes, drowned in a swimming pool operated by Defendant Summerkids Camp, Inc. on June 28, 2019. Plaintiffs allege that Summerkids Camp and its employees failed to take reasonable care to prevent Roxie's death, and they contend that the Red Cross shares legal responsibility with these defendants because Summerkids Camp employed lifeguards that Summerkids Camp advertised to have trained and certified using the Red Cross's official lifeguard training program. Plaintiffs also allege that Roxie's death was the

JOINT RULE 26(F) SCHEDULING REPORT

result of fraud, since it claims Summerkids Camp falsely represented that its lifeguards had completed the Red Cross certification program.

All of the claims against the Red Cross rest upon fundamentally invalid legal theories and must be dismissed. First, the negligence claims against the Red Cross fail as a matter of law since the Red Cross had no cognizable legal duty to prevent Summerkids Camp's alleged negligence. Second, the fraud claim against the Red Cross fails because Plaintiffs do not contend that the Red Cross ever made any representations to Plaintiffs of any kind, and have no factual or legal basis to impute Summerkids Camp's alleged misrepresentations to the Red Cross.

## II.   SUBJECT MATTER JURISDICTION

This case was removed from the Superior Court of the State of California in the County of Los Angeles pursuant to 28 U.S.C. § 1331 and 36 U.S.C. § 300105(a)(5).

## III.   LEGAL ISSUES

### A.   Plaintiff's Statement of The Legal Issues

The key legal issues appear to be whether Defendants Summerkids, Inc., Maria DiMassa, Joseph DiMassa, Cara DiMassa, Giancarlo DiMassa, M.D., Angelus Mountain Center, The Enoteca, LLC, Sempre Avanti, LLC, The DiMassa Family Foundation, Joseph Natalizio, Daniel H. Rainey, Faith Porter, Natalie Del Castillo, Joseph DiMassa and Maria DiMassa as Trustees of The DiMassa Family Trust, Trust Dated April 9, 1981, Jaimi Harrison, Andrew Lara Cervantes, Trevor Boreham DBA Life Saving Certified, and American National Red Cross are liable to Plaintiffs in tort with a Wrongful Death and Survivor's Action, including Negligence, Gross Negligence, and Fraud, for the death of their daughter, Roxie, and whether such conduct amounted to such a level to warrant punitive damages.

///

///

///

### B.   Defendant Andrew Cervantes' Statement of Primary Legal Issues

Defendant Cervantes asserts the following key legal issue: Whether there is any evidence that the death of Roxie Forbes was as a result of the negligence of other parties.

### C.   Defendant Boreham's Statement of Primary Legal Issues

Defendant Boreham asserts the following key legal issues:  Where there is evidence of any duty, breach of duty, or causation that would link Boreham to the accident.  Moreover, where there is evidence of any fraudulent misrepresentations that can be attributed to Boreham.  Finally, whether there is any evidence that the death of Roxie Forbes was as a result of the negligence of other parties.

### D.   Defendant Red Cross's Statement of Legal Issues

This case presents only two legal issues that implicate the Red Cross: (1) whether, contrary to California law, Plaintiffs' negligence claims state an actionable legal duty against the Red Cross to prevent the negligence of Summerkids Camp and its personnel, and (2) whether Plaintiffs' fraud allegations against the Red Cross state a claim for Summerkids Camp's misrepresentations that the Red Cross is not alleged to have made, and for which the Red Cross was not responsible under any cognizable legal theory.

### E.   Defendants Summerkids, Inc., Maria DiMassa, Joseph DiMassa, Cara DiMassa, Giancarlo DiMassa, M.D., Angelus Mountain Center, The Enoteca, LLC, Sempre Avanti, LLC, The DiMassa Family Foundation, Joseph Natalizio, Daniel H. Rainey, Faith Porter, Natalie Del Castillo, Joseph DiMassa and Maria DiMassa as Trustees of The DiMassa Family Trust, Trust Dated April 9, 1981's Statement of Legal Issues

Beyond the issues identified above, additional legal issue will include whether Plaintiffs can prove their alter ego allegations such that liability can attach and whether

Defendants' affirmative defenses immunize them from liability or would otherwise eliminate or reduce any finding of liability or damages.

**F.    Defendant Jaimi Harrison's Statement of Legal Issues**

Defendant Harrison asserts the following key legal issues:  Whether there is evidence of any duty, breach of duty, or causation that would link Harrison to the accident.  Moreover, whether there is evidence of any fraudulent misrepresentations that can be attributed to Harrison.  Finally, whether there is any evidence that the death of Roxie Forbes was as a result of the negligence of other parties.

**IV.  <u>PARTIES AND WITNESSES</u>**

**A.    List of Parties**

1.    Plaintiff ELENA MATYAS;

2.    Plaintiff DOUGLAS FORBES;

3.    Defendant SUMMERKIDS, INC.;

4.    Defendant MARIA DIMASSA;

5.    Defendant JOSEPH DIMASSA;

6.    Defendant CARA DIMASSA;

7.     Defendant GIANCARLO DIMASSA, M.D.;

8.    Defendant ANGELUS MOUNTAIN CENTER;

9.    Defendant THE ENOTECA, LLC;

10.    Defendant SEMPRE AVANTI, LLC;

11.    Defendant THE DIMASSA FAMILY FOUNDATION;

12.    Defendant JAIMI HARRISON;

13.    Defendant JOSEPH NATALIZIO;

14.    Defendant DANIEL H. RAINEY;

15.    Defendant FAITH PORTER;

16.    Defendant NATALIE DEL CASTILLO;

17.    Defendant ANDREW LARA CERVANTES;

18. Defendant TREVOR BOREHAM dba LIFE SAVING CERTIFIED;

19. Defendant JOSEPH DIMASSA AND MARIA DIMASSA AS TRUSTEES OF THE DIMASSA FAMILY TRUST, TRUST DATED APRIL 9, 1981; and

20. Defendant AMERICAN NATIONAL RED CROSS

**B.     List of Percipient Witnesses**

1. Plaintiffs;

2. The Summerkids staff and counselors and the individuals and/or entity(ies) that oversaw the certifications of Defendant Andrew Cervantes, Joseph DiMassa and the Summerkids employees;

3. Emergency medical personnel, medical personnel and investigators that tended to Roxie and the circumstances surrounding her death;

4. All named individual Defendants;

5. Officers of the business entities and trustees named herein as Defendants;

6. Summerkids campers enrolled in 2019 and their guardians;

7. Summerkids Pool Maintenance contractor(s);

8. American Camp Association representatives;

9. Shawn Nelson; and

10. Medical, academic, and swim lesson providers to Roxie Forbes.

Defendant Summerkids, Inc. disputes that the individuals identified in categories 5, 6, 7, 8, and 9 above qualify as "percipient witnesses" and/or are likely to provide relevant testimony.

///

///

7

## V.   DAMAGES

### A.   Plaintiffs' Estimate

Plaintiffs contend that they are entitled to $80,000,000.00 in general damages and punitive damages according to proof.

### B.   Defendant Andrew Cervante's Estimate

Defendant Cervantes contends that there are no estimated damages that can be attributed to Cervantes at this time.

### C.   Defendant Boreham's Estimate

Defendant Boreham contends that there no estimated damages that can be attributed to Boreham at this time.

### D.   Red Cross's Estimate

There are no damages that can be attributed to the Red Cross.

### E.   Defendants Summerkids, Inc., Maria DiMassa, Joseph DiMassa, Cara DiMassa, Giancarlo DiMassa, M.D., Angelus Mountain Center, The Enoteca, LLC, Sempre Avanti, LLC, The DiMassa Family Foundation, Joseph Natalizio, Daniel H. Rainey, Faith Porter, Natalie Del Castillo, Joseph DiMassa and Maria DiMassa as Trustees of The DiMassa Family Trust, Trust Dated April 9, 1981's Estimate

Defendants dispute that there are estimated damages that can be attributed to each or any of them at this time.

### F.   Defendant Jaimi Harrison's Estimate

Defendant Harrison contends that there are no estimated damages that can be attributed to Harrison at this time.

## VI.   INSURANCE

Defendant Andrew Cervantes is not insured.

Defendant Boreham is insured by a commercial general liability policy with

1  Philadelphia Insurance Companies, with limits of $1,000,000.00 per occurrence,
2  $2,000,000 aggregate.

3      The Red Cross is self-insured. Any judgment or settlement in this matter would
4  be within the organization's self-insurance limits.

5      Defendants Summerkids, Inc., its shareholders, and employees have previously
6  provided their insurance coverage information in written discovery responses.

7      Defendant Harrison is insured by Nationwide E&S/Scottsdale Indemnity
8  Company, Policy No. KKI0000022347500, with policy limits of $1,000,000.00.

9  **VII.   MOTIONS TO ADD PARTIES, AMEND PLEADINGS, ETC.**

10     The Parties have pending Motions to Dismiss on Calendar. Plaintiffs will seek
11 leave to Amend the Second Amended Complaint if the Court finds there are
12 insufficient facts as it is. Plaintiffs also intend to serve Defendant Dossett DiMassa,
13 MD Inc., which Plaintiff filed DOE 2 for in the Superior State Court Case.

14 **VIII.  MANUAL FOR COMPLEX LITIGATION**

15     The Parties do not believe there are issues that would necessitate the use of the
16 manual for complex litigation.

17 **IX.    STATUS OF DISCOVERY**

18     Plaintiffs have conducted some discovery in the Los Angeles Superior Court
19 State Case from the original defendants in that action and have not agreed to a
20 discovery plan in this Federal Court Case.

21     Defendant Cervantes reserves all rights to take appropriate discovery, should
22 the representation he finds choose to do so.

23     Defendant Harrison intends to conduct discovery concerning the allegations
24 made against her, including written discovery, depositions, 30(b)(6) depositions, and
25 expert discovery.

26 ///
27 ///
28

JOINT RULE 26(F) SCHEDULING REPORT

## X.   DISCOVERY PLAN: F.R.C.P. 26(f)(3)

### A.   Initial Disclosures

There are no proposed changes at current time to the requirements of Rule 26(a) of the Federal Rules of Civil Procedure. The Parties have all agreed and will exchange their Initial Disclosures on or before September 3, 2021, by electronic mail and U.S. Mail.

### B.   Subjects and Scope of Discovery

The Parties agree that discovery should not be conducted in phases or limited to or focused on particular issues, and should proceed in accordance with the Federal Rules of Civil Procedure.  The Parties reserve all rights to request modifications to the scope and phasing of discovery at a later point.

Plaintiffs intend to conduct discovery concerning the claims they assert in the complaint, by taking 30(b)(6) depositions, taking the deposition of third-party witness(es), and serving written discovery in addition to expert discovery.

Defendant Boreham intends to conduct discovery concerning the allegations made against him, including written discovery, depositions (including those of individuals were deposed in the State Court Action before Boreham was named as a party to the action), 30(b)(6) depositions, and expert discovery.

Because the claims against the Red Cross fail as a matter of law, and because the Red Cross has moved to dismiss the claims against it on these grounds, the Red Cross does not expect to take any discovery from any other party or third-party. The Red Cross reserves all rights to take appropriate discovery if, for whatever reason, it is not dismissed from this action.

Defendant Summerkids, Inc. and its related co-defendants intend to continue to conduct discovery concerning the allegations made against them and their defenses. This includes taking depositions of third-party witnesses, 30(b)(6) depositions, and expert discovery, as well as propounding written discovery requests on plaintiffs. As

further information is identified, these Defendants may serve subpoenas for third party records.

### C.   Electronically Stored Information

Plaintiffs do not anticipate this action will involve significant electronic discovery issues other than retrieving emails and other electronic communications.

All Parties have agreed to preserve any relevant electronically-stored information.

The Red Cross proposes that the parties should enter into an ESI Protocol to govern the collection and production of electronic records.

### D.   Privileged Materials

The Parties do not anticipate any issues regarding claims of privilege or of protection as trial-preparation materials at this time, other than the potential need to stipulate to a protective order.

### E.   Changes To Discovery Limitations

The Parties do not request any other changes to the limitations imposed by the discovery rules under the Federal Rules of Civil Procedure or the Local Rules at this time.  The Parties reserve the right to seek changes to the discovery rules if the need arises.

### F.   Other Orders

The Parties, at this time, do not request the entry of any other orders under the Federal Rules of Civil Procedure.

## XI.   DISCOVERY CUT-OFF

The Parties have listed their preferred trial related deadlines in the timetable below in line with schedule A of this Court's Standing Order.

## XII.   EXPERT DISCOVERY

The Parties have listed their preferred trial related deadlines in the timetable below in line with schedule A of this Court's Standing Order.

## XIII.  DISPOSITIVE MOTIONS

Plaintiffs propose that summary judgment motions will be filed and set for hearing on a date that provides the opposing party with at least 14 days to draft and file their opposition papers.

The Defendants propose that the parties should follow this Court's ordinary rules for setting a briefing schedule for dispositive motion, which permits the parties to stipulate to an alternative briefing schedule, if appropriate.

As the pleadings are not yet settled, it is premature for the Defendants to describe which issues or claims may be the subject of a dispositive motion.

## XIV.  SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

Plaintiffs propose to engage in Settlement Procedure No. 2, as set forth in Local Rule 16-15.4.

If the Red Cross is not dismissed from this action, it would propose to engage in ADR Procedure No. 3 (private mediation).

Defendant Summerkids proposes to engage in ADR Procedure No. 3 (private mediation).

## XV.  TRIAL ESTIMATE

No party waives their right to a jury trial at this time, to the extent there is a right to a jury trial in the first place. The Parties estimate that the jury trial will take approximately 15 days due to the large number of witnesses, including all Defendants and Plaintiffs, which alone amounts to over 20 witnesses.

## XVI.  TRIAL COUNSEL

Trial counsel for Plaintiffs shall be Victor L. George, Norman Coe, and Meylin P. Alfaro.

Trial counsel for Defendant Cervantes is unknown at this time. He is currently seeking representation.

Trial counsel for Defendant Boreham shall be Ted M. Lee, Frederick H. Choi and Tony Cheng.

Trial counsel for Defendant Red Cross shall be Mary H. Haas, Adam S. Sieff, and Mark C. Burnside.

Trial counsel for Defendants Summerkids, Inc., Maria DiMassa, Joseph DiMassa, Cara DiMassa, Giancarlo DiMassa, M.D., Angelus Mountain Center, The Enoteca, LLC, Sempre Avanti, LLC, The DiMassa Family Foundation, Joseph Natalizio, Daniel H. Rainey, Faith Porter, Natalie Del Castillo, Joseph DiMassa and Maria DiMassa as Trustees of The DiMassa Family Trust, Trust Dated April 9, 1981 shall be Margaret M. Holm.

Trial counsel for Defendant Jaimi Harrison shall be Robert T. Bergsten and Mary M. Campo.

## XVII. <u>INDEPENDENT EXPERT OR MASTER</u>

The Parties do not believe that any issues would necessitate the use of an independent expert or master at this time.

## XVIII. <u>TIMETABLE</u>

The Parties respectively propose the following case schedules in line with Schedule A of this Court's Standing Order:

| Deadlines: | Plaintiffs Request | Defendant Red Cross's Request | Defendants Boreham, Cervantes, Harrison, Summerkids, et al.[1] Request | Court Order |
|---|---|---|---|---|
| **Initial Disclosures** | Sept. 3, 2021 | Sept. 3, 2021 | Sept. 3, 2021 | |

---

[1] Because Summerkids, Inc. operates a summertime recreational day camp, it and many other of the defendants anticipate that they will largely not be available for trial between approximately June 1, 2022 and August 19, 2022.

| | | | | |
|---|---|---|---|---|
| **Last Date to Add Parties/Amend Pleadings** | April 4, 2022 | March 4, 2022 | Dec. 31,2021 | |
| **Non-Expert Discovery Cut-off** | February 22, 2022 | March 4, 2022 | May 2, 2022 | |
| **Expert Disclosure (Initial)** *(2 weeks after nonexpert discovery cutoff)* | March 8, 2022 | March 18, 2022 | May 16, 2022 | |
| **Expert Disclosure (Rebuttal)** *(4 weeks after nonexpert discovery cutoff)* | March 29, 2022 | April 8, 2022 | May 31, 2022 | |
| **Expert discovery cutoff** *(6 weeks after non-expert discovery cut-off)* | March 14, 2022 | April 15, 2022 | June 14, 2022 | |
| **Last day to file all motions** *(6 weeks after non-expert discovery cut-off)* | April 5, 2022 | April 15, 2022 | June 14, 2022 | |
| **Final pretrial conference** | April 5, 2022 | July 18, 2022 | Aug. 29, 2022 | |
| **First day of trial** | April 12, 2022 | July 25, 2022 | Sept. 13, 2022 | |

| Settlement Procedure Selection: *(ADR12 Form will be completed by Court after scheduling conference)* | Plaintiffs Request | Defendant Red Cross's Request | Defendants Boreham, Cervantes, Harrison, Summerkids, et al. Request | Court Order |
|---|---|---|---|---|
| 1. Magistrate Judge 2. Attorney Settlement Officer Panel 3. Outside ADR/NonJudicial (Private) | 2 | 3 | 3 | |
| **Last day to conduct settlement conference or mediation** | March 28, 2022 | July 18, 2022 | Aug. 1, 2022 | |
| **Notice of Settlement / Joint Report re Settlement** *(First Friday following last day to conduct settlement conference or mediation)* | April 1, 2022 | July 22, 2022 | Aug. 5, 2022 | |
| **Post Mediation Status Conference** *(10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm)* | April 11, 2022 | August 1, 2022 | Aug. 15, 2022 | |

JOINT RULE 26(F) SCHEDULING REPORT

# XIX.  <u>OTHER ISSUES</u>

The Parties do not believe that this case presents any unusual legal issues.


Dated: August 18, 2021        LAW OFFICES OF VICTOR L. GEORGE

/s/ *Meylin P. Alfaro*

By:_____

VICTOR L. GEORGE
MEYLIN P. ALFARO
Attorneys for Plaintiffs, ELENA MATYAS, individually and as Successor-in-Interest to ROXIE MIRABELLE FORBES; and DOUGLAS FORBES, individually and as Successor-in-Interest to ROXIE MIRABELLE FORBES


Dated: August 19, 2021        By:___/s/ Andrew L. Cervantes_____

ANDREW L. CERVANTES
In *Pro Per* Defendant


Dated: August 18, 2021        By:___/s/ *Frederick H. Choi*_____

The Lee Law Group
Ted M. Lee, Esq.
Frederick H. Choi, Esq.
Tony J. Cheng, Esq.
Attorneys for Defendant,
Trevor Boreham dba Life Saving Certified


Dated: August 18, 2021        By:___/s/ *Mary M. Campo*_____

MARY CAMPO
Attorneys for Defendant,
JAIMI HARRISON

1    Dated: August 18, 2021        By:_____ /s/ *Mary H. Haas*_____

2                                           DAVIS WRIGHT TREMAINE LLP

3                                           MARY H. HAAS

ADAM S. SIEFF

4                                           MARK C. BURNSIDE

Attorneys for Defendant,

5                                           AMERICAN RED CROSS

6

7    Dated: August 18, 2021        By:_____ /s/ *Sheryl M. Rosenberg*_____

8                                           Margaret M. Holm

Sheryl M. Rosenberg

9                                           Attorneys for Defendants

10                                          SUMMERKIDS, INC. (individually and dba

ANGELUS MOUNTAIN CENTER); THE

11                                          ENOTECA, LLC; DI MASSA FAMILY

12                                          FOUNDATION; SEMPRE AVANTI, LLC;

JOSEPH DIMASSA; MARIA DIMASSA;

13                                          CARA DIMASSA; GIANCARLO

14                                          DIMASSA, M.D.; FAITH PORTER;

DANIEL H. RAINEY; JOSEPH

15                                          NATALIZIO; NATALIE DEL CASTILLO;JOSEPH

16                                          DIMASSA   AND   MARIA   DIMASSA   AS

TRUSTEES OF THE DIMASSA FAMILY TRUST,

17                                          TRUST DATED APRIL 9, 1981

18

19

20

21

22

23

24

25

26

27

28

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filling's content and have authorized this filing.


Dated: August 19, 2021          LAW OFFICES OF VICTOR L. GEORGE


By:      /s/ Meylin Alfaro
         VICTOR L. GEORGE
         MEYLIN P. ALFARO
         Attorneys for Plaintiffs

JOINT RULE 26(F) SCHEDULING REPORT

**ELENA MATYAS, et al. v. SUMMERKIDS, INC., et al.**
USDC Case No. 2:21-cv-04163 JAK (JDEx)
**PROOF OF SERVICE**

STATE OF CALIFORNIA                )
                                                       )     ss.
COUNTY OF LOS ANGELES        )

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 20355 Hawthorne Boulevard, First Floor, Torrance, CA 90503.

       On August 20, 2021, I served the foregoing document(s) described as **Joint Rule 26(F) Scheduling Report** on the interested party(ies) in this action by placing:

**[X]**      a true copy

[  ]      the original

**\*\*\*AS INDICATED IN SERVICE LIST ATTACHED\*\*\***

**[X]      (BY MAIL, 1013a, 2015.5 C.C.P.)**
       I deposited such envelope in the mail at Torrance, California.  The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]      ONLY BY ELECTRONIC TRANSMISSION.**  By emailing the document(s) to the persons at the e-mail address(es) on this Proof of Service.

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on August 20, 2021, at Torrance, California.


_____
Gabriela Gutierrez

**ELENA MATYAS, et al. v. SUMMERKIDS, INC., et al.**
USDC Case No. 2:21-cv-04163 JAK (JDEx)

## SERVICE LIST

**EMAIL:**
Margaret M. Holm, Esq. | Sheryl M. Rosenberg, Esq.
TYSON & MENDES, LLP
17901 Von Karman Ave., Suite 600
Irvine, CA 92614
Telephone: (949) 490-4840 | Facsimile: (949) 267-5261
Email: mholm@tysonmendes.com; srosenberg@tysonmendes.com
*Attorneys for Defendants SUMMERKIDS, INC., MARIA DIMASSA, JOSEPH DIMASSA, CARA DIMASSA, GIANCARLO DIMASSA, M.D., ANGELUS MOUNTAIN CENTER, THE ENOTECA, LLC, AKA THE ENOTECA, LLC SEMPRE AVANTI, LLC, THE DIMASSA FAMILY FOUNDATION, DANIEL H. RAINEY, FAITH PORTER and JOSEPH NATALIZIO*
Mary M. Campo, Esq.
HOSP, GILBERT & BERGSTEN
301 N. Lake Avenue, Ste 410
Pasadena, CA 91101
Tel:    (626) 792-2400
Email: rbergsten@hosplaw.com; mcampo@hosplaw.com; tmouradian@hosplaw.com
*Attorneys for Defendant JAIMI HARRISON*

Mary H. Haas, Esq. | Adam S. Sieff, Esq. | Mark C. Burnside, Esq.
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
Tel:  (213) 633-6800 | Fax:   (213) 633-6899
Email: maryhaas@dwt.com; adamsieff@dwt.com; markburnside@dwt.com
*Attorneys for Defendant AMERICAN NATIONAL RED CROSS*

Ted M. Lee, Esq. | Frederick H. Choi, Esq. | Tony J. Cheng, Esq.
THE LEE LAW GROUP, PC
17310 Red Hill Avenue, Suite 350
Irvine, California 92614
Tel:    (949) 271-9333 | Fax:    (949) 271-9334
Email: fchoi@LeeFirm.com; tcheng@LeeFirm.com
*Attorneys for Defendant TREVOR BOREHAM dba LIFE SAVING CERTIFIED*

**MAIL:**
Andrew Lara Cervantes
5307 Edna Street
Los Angeles, CA 90032
Email: drewc709@gmail.com
Defendant